UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID J. WILLIAMS (#333462)                     CIVIL ACTION NO.

VERSUS                                           19-2-SDD-EWD

DARREL VANNOY, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 20, 2020.

                                          *[signature]*

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID J. WILLIAMS (#333462)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-2-SDD-EWD** |
| **DARREL VANNOY, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Complaint, as amended. For the following reasons, it is recommended that this case be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

### I. Background

David J. Williams ("Plaintiff"), an inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, filed this suit on or about January 2, 2019 against Darrel Vannoy, Joseph Lamartiniere and James M. LeBlanc, alleging that Plaintiff's rights had been violated as a result of the handling of disciplinary proceedings instituted against him.[1] Plaintiff was later granted leave to amend his Complaint to add Tyrone Kelly and Unknown Hebert as defendants.[2] Plaintiff was brought before the disciplinary board as a result of disciplinary reports alleging possession of contraband, defiance, property destruction, and theft for allegedly stealing a body camera.[3] Plaintiff pled not guilty and requested "investigation, face accuser, [and to] dismiss [the disciplinary reports] due to report not being clear and precise."[4] Plaintiff's requests were denied, and Plaintiff was sentenced to a 12-week custody change, which moved Plaintiff to the maximum security working cell-blocks; loss of telephone privileges, and restitution of $375.00 for the body

---

[1] R. Doc. 1.
[2] R. Doc. 5.
[3] R. Doc. 1, p. 4-5.
[4] R. Doc. 1, p. 4.

camera.[5] Plaintiff's disciplinary appeal was denied by Deputy Warden Lamartiniere on behalf of Warden Vannoy.[6] Plaintiff complains that his due process rights were violated "through the entire disciplinary process and final appeal process…" as "no prison officials…acknowledged they reviewed the shower camera footage" showing Plaintiff take the body camera,[7] and Plaintiff was not allowed to review the camera footage himself,[8] nor was Plaintiff permitted to "face his accuser."[9] Additionally, Plaintiff complains that, because he was not allowed to view the camera footage, exculpatory material may have been withheld.[10] Plaintiff seeks injunctive relief.[11]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[12] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim has no

---

[5] R. Docs. 1, p. 5; 1-1, p. 11.
[6] R. Docs. 1, pp. 5-6; 1-1, p. 11.
[7] R. Doc. 1, p. 7.
[8] R. Doc. 1, p. 8.
[9] R. Doc. 1, p. 9.
[10] *Id.*
[11] R. Doc. 1, pp. 11-12.
[12] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 8, 2019. (R. Doc. 4).
[13] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14] The law accords judges not only the authority to dismiss a claim that has no basis in law, but also the unusual power to pierce the veil of the factual allegations.[15] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[16]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[17] In other words, accepting the well-pleaded facts as true and viewing them in the light most favorable to the non-moving party, does it appear that no relief can be granted based on the alleged facts.[18]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[19]

### B. Disciplinary Proceedings

An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[20] and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[21]

---

[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Denton*, 504 U.S. at 32.
[16] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[17] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[18] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).
[19] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[20] *Mahogany v. Miller,* 252 Fed.Appx. 593, 595 (5th Cir. 2007).
[21] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).

...

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[22]

The United States Supreme Court has found that the procedures attendant to prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the state might conceivably have created a liberty interest for the benefit of the inmate.[23]  Further, the Supreme Court has found that a custody change to segregated confinement is not so atypical as to give rise to a claim of the violation of procedural due process.[24] This Court has also specifically found that a custody change to working cell blocks--the exact custody change in this case--does not result in such an atypical and significant deprivation as to support a due process claim.[25]

As Plaintiff's punishment of a 12-week custody change to the maximum security working cell-blocks, loss of telephone privileges, and order to pay restitution was not atypical punishment in the context of prison life, Plaintiff cannot establish a liberty interest in prison disciplinary proceedings, such that he has failed to state a claim upon which relief may be granted.

---

[22] *Id*. at 373-74.  This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* No. 5:13cv2, 2014 WL 1049164, at *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* No. 09-3003, 2009 WL 1792774, at *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

[23] *Sandin v. Conner*, 515 U.S. 472, 486 (1995). *See also Fisher v. Wilson*, 74 Fed.Appx. 301 (5th Cir. 2003) (affirming dismissal based on failure to state a claim where the plaintiff had not shown how placement in extended lockdown was an atypical or extraordinary incident in the context of prison life to trigger due process guarantees).

[24] *Id.*

[25] *Triplett v. LeBlanc*, No. 13-243, 2015 WL 893057 (M.D. La. March 2, 2015).

Plaintiff also alleges that the failure of prison officials to allow Plaintiff or an "impartial person" to review the camera footage constituted a *Brady*[26] violation.[27] Plaintiff argues that officials' failure to investigate resulted in Plaintiff being denied potentially exculpatory evidence. Assuming *arguendo* that *Brady* applies to prison disciplinary proceedings,[28] Plaintiff's "argument does not give rise to a cognizable claim as *Brady* does not mandate that the prosecution investigate and obtain exculpatory evidence for the defendant."[29]

Further, to the extent Plaintiff invokes the rules and regulations of the Department of Public Safety and Corrections to prove violation of a federally protected right, such a claim also fails.[30] Violation of Department of Corrections' rules or policies alone does not establish the violation of a constitutional right.[31]

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[32] In the instant case, having recommended that Plaintiff's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction be declined.

---

[26] *Brady v. Maryland*, 373 U.S. 83 (1963).
[27] R. Doc. 1, p. 9.
[28] At least one circuit has found that *Brady* applies to prison disciplinary proceedings. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). The Fifth Circuit has not yet held that *Brady* applies in this context.
[29] *Boatswain v. Martinez*, 544 Fed.Appx. 409, 410 (5th Cir. 2013)(citations omitted).
[30] Plaintiff argues that the Department of Public Safety and Corrections rules and regulations state that inmates are entitled to a "fair and unbias [sic] hearing." (R. Doc. 1, p. 8).
[31] *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." (internal citations omitted)).
[32] 28 U.S.C. § 1367.

5

### C. Amendment Would be Futile

Plaintiff requests leave to amend, but his proposed amended complaint largely reiterates the same facts alleged in his original Complaint with some additional details.[33] Those additional facts would still not state a claim because Plaintiff's due process claims fail as a matter of law for the same reasons stated above.

Further, facts that raise claims that are different from those in the original Complaint are clearly unexhausted. Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[34] This provision is mandatory and applies broadly to "all inmate suits about prison life."[35] Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.[36] Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.[37] One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"[38] Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.[39]

Plaintiff's administrative remedy procedure ("ARP") request and disciplinary appeal that preceded this action focused solely on the allegedly unfair disciplinary proceedings. Plaintiff

---

[33] *Compare* R. Docs. 1 & 7.
[34] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
[35] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[36] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).
[37] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).
[38] *Johnson*, 385 F.3d at 516, *quoting Porter*, 534 U.S. at 525.
[39] *Id.*

6

identified the pertinent ARP request for this lawsuit as 2018-2575 and attached same to his original complaint.[40] Plaintiff's proposed amended complaint complains of deprivations he has allegedly suffered as a result of being placed in maximum security.[41] Specifically, Plaintiff complains that he has not been able to attend Jehovah's Witness study meetings in the chapel and that he has not been able to "continue enjoying" certain foods, such as chicken, eggs, and fish as part of his Rastafarian diet.[42] Plaintiff also complains regarding the "filth" in administrative segregation and other conditions of confinement, specifically between late January and late May 2019 that caused his health to decline.[43] A review of that request, which is attached to the Complaint, reveals no complaints regarding Plaintiff's actual confinement in administrative segregation.[44] Accordingly, because Plaintiff's the new claims brought in Plaintiff's proposed amended Complaint are clearly unexhausted, it is proper to deny amendment as futile, as these claims would be subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as unexhausted.[45]

---

[40] R. Doc. 1-1, pp. 13-15. Courts are permitted to consider attachments to the complaint when conducting the screening process pursuant to §§ 1915(e)(2)(B) and 1915A because in determining whether a plaintiff failed to state a claim, courts utilize the same standard as is used to analyze a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Lewis v. Guillot*, 583 Fed.Appx. 332 (5th Cir. 2014). *See also Brown Morgan v. City of Forth Worth, Tex.*, 2013 WL 3196580 (N.D. Tex. June 25, 2013; *Brown v. Temple*, 2013 WL 1335750 (M.D. La. April 1, 2013).

[41] R. Doc. 7, p. 7.

[42] R. Doc. 7, p. 8. Plaintiff does not allege that he was not provided a Rastafarian diet; rather, he complains that, as part of his diet, he did not receive fish, chicken, and eggs. (*See* R. Doc. 7, p. 8 "offenders on a (Rastafarian) diet don't get fish, chicken, or eggs up here.").

[43] R. Doc. 7, p. 8. Note, Plaintiff filed suit here on or about January 2, 2019, so those events occurring in late January through May 2019 are clearly unexhausted based solely upon the dates provided, as Plaintiff could not have exhausted claims regarding events occurring after filing his lawsuit. Pursuant to 22 La. ADC, Part I, § 325, the following time limits have been established for the processing of prisoner's grievances: (1) a prisoner-plaintiff files an ARP at the first step, and prison officials have 40 days to respond to the ARP; (2) when the prisoner-plaintiff receives a response at the first step or if the time limit for a response (40 days) has passed, Plaintiff may proceed to the second step; (3) for the second step, the prisoner-plaintiff appeals to the secretary of the Department of Public Safety and Corrections within five days of a first step response (if a response is issued); (4) the secretary or designee has 45 days to respond to the second step from the date the request is received. Based on the timeframe for exhausting administrative remedies, it is without question that Plaintiff's complaints regarding his confinement between January and May 2019 cannot be exhausted, as Plaintiff filed suit on January 2, 2019.

[44] R. Doc. 1-1, pp. 13-15.

[45] *See Scott v. Stark*, Civil Action No. 17-1697, 2019 WL 157733 (M.D. La. Jan. 10, 2019) *citing Wetzel v. Goodwin*, 2015 WL 965688, *3 (W.D. La. March 3, 2015).

7

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Motion to Amend Complaint[46] be **DENIED** as amendment would be futile.

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[47] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on February 20, 2020.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[46] R. Doc. 7.
[47] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."